IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MICHAEL TODD**                                                                           **PLAINTIFF**

v.                                   **Civil No.: 4:10-cv-4167**

**LOUISE PHILLIPS** *et al.*                                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Todd ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2010.[1] ECF No. 1. He proceeds *pro se* and *in forma pauperis*. On January 6, 2011, a Motion to Dismiss was filed by separate Defendant Jerry Crane. ECF No. 8. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Paul K. Holmes, III, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I. Background**

According to the allegations of the complaint, on November 12, 2007, Plaintiff was an inmate incarcerated at the Hempstead County, Arkansas, county jail when he was sprayed with pepper spray by Defendant Michael Gray. ECF No. 1, ¶ V. Defendant Gray then allegedly pushed Plaintiff into a window "for no reason at all." *Id.* Plaintiff was then put into a holding cell for four hours, with no shower until the shift changed. *Id.* Plaintiff further alleges he attempted to talk to the Jail

---

[1] The Complaint in this case was received by the Clerk on November 29, 2010. ECF No. 1. The Complaint was signed and dated by the Plaintiff on November 22, 2010. *Id.* The Court will assume for purpose of this Report and Recommendation that Plaintiff placed the Complaint in the prison mail system on the day he signed it. Giving the Plaintiff the benefit of the "mailbox rule" his complaint should be considered filed on November 22, 2010. *See Sulik v. Taney Co., Mo.*, 316 F.3d 813, 815 (8th Cir. 2003) (applying the prison mailbox rule articulated in *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), regarding *habeas corpus* petitions, to *pro se* pleadings under Section 1983).

Administrator and Sheriff, but was ignored in these efforts. *Id.* In his response to the Motion to Dismiss, Plaintiff states that Jerry Crane, the sheriff, and Louise Phillips, the jail administrator, failed to protect him from harm. ECF No. 13. Plaintiff further indicates that Defendant Gray was relieved of duty and fired for his actions on or about November 29, 2007. *Id.*

Plaintiff filed suit on November 22, 2010, seeking relief in the form of money damages, specifically $10,000.00 for pain and suffering and $10,000.00 for mental anguish. ECF No. 1, ¶ VI.

On January 6, 2011, Separate Defendant Crane filed a Motion to Dismiss, ECF No. 8, and a Brief in Support, ECF No. 9, alleging that Plaintiff's case was barred by the statute of limitation. On January 27, 2011, Plaintiff filed a response to the Motion to Dismiss. ECF No. 13.

## II. Applicable Law

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir.1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations. ARK. CODE ANN. 16-56-105(3) (2005); *see Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(ARK. CODE ANN. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

## III. Discussion

Defendant Jerry Crane moves for dismissal of the complaint on the grounds that the statute of limitations bars Plaintiff's claims. ECF No. 8. Defendant Crane points out that the events at issue in the Complaint occurred on November 12, 2007, more than three years before the filing of the complaint in this case, which was on November 22, 2010.

As noted above, the statute of limitations for this action is three years. Thus, any claims based on events that occurred on November 12, 2007, would be barred by the statute of limitations after November 12, 2010.

## IV.  Conclusion

I therefore recommend that the Motion to Dismiss, ECF No. 8, be granted and this case be dismissed.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 7th day of April 2011.**

>                    /s/ Barry A. Bryant
>                    HON. BARRY A. BRYANT
>                    U.S.  MAGISTRATE JUDGE